UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LESHAUN BENJAMIN,

                Plaintiff,

v.                                                 Case No. 22-cv-191-pp

SERGEANT EWERT,
SERGEANT DEMERS
and CAPTAIN TRITT,

                Defendants.

---

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 9) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

---

Plaintiff Leshaun Benjamin is representing himself. On October 18, 2022, the court screened the plaintiff's complaint under 42 U.S.C. §1983 and found that it did not state a claim for relief. Dkt. No. 7. The court gave the plaintiff an opportunity to amend his complaint, but only as to his claim that he was denied meaningful access to the courts. Id. at 13. The court explained that the plaintiff "may not proceed on any other claim, whether he included it in his original complaint or not." Id. The court ordered the plaintiff to file an amended complaint detailing a possible access-to-courts claim by November 25, 2022. Id. at 14–15. On November 23, 2022, the court received the amended complaint. Dkt. No. 9. This order screens the amended complaint and dismisses the case for failure to state a plausible claim for relief.

## I. Screening the Amended Complaint

### A. Federal Screening Standard

As the court explained in the previous order, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The amended complaint names Captain Tritt, Sergeant Ewert and Sergeant Demers. Dkt. No. 9 at 1. It alleges that the plaintiff was incarcerated at Waupun Correctional Institution throughout 2021 and into 2022.[1] Id. at 2. The plaintiff alleges that beginning in March 2021, he filed lawsuits in the Eastern District of Wisconsin for violations of his civil and/or constitutional rights based on events that occurred while he was at Waupun. Id. at 2–3. He is pursuing those claims in this court in Case Nos. 21-cv-677[2] and 22-cv-431. Id. at 3.

The plaintiff alleges that during this time in 2021 and 2022, defendants Tritt, Ewert and Demers "were responsible for the management and operation

---

[1] The plaintiff currently is not incarcerated, and the amended complaint provides his current address on 16th Street in Milwaukee. Dkt. No. 9 at 6.

[2] The amended complaint incorrectly lists the case number for this case as 21-cv-0067.

of the mailroom" at Waupun, "including the movement, receipt, delivery, and transfer of incoming and outgoing mail of incarcerated inmates, including [the plaintiff]." Id. He says that the defendants "engaged in conduct and actions that affected detrimentally and otherwise impaired [his] capacity to communicate with the United States District Court for the Eastern District of Wisconsin." Id. at 3–4. He alleges the defendants failed to "handle, manage, deliver, and otherwise attend to the timely and proper movement of [his] mail (outgoing and incoming)." Id. at 4. The plaintiff alleges that the defendants' actions "effectively delayed and impeded [his] access to the federal court, in connection with the cases, claims, and causes of action" he mentions in the amended complaint. Id.

The plaintiff asserts that the actions of the defendants "may have been the result of and prompted by their interest in retaliating against and otherwise punishing [the plaintiff] for conduct of [his] as an incarcerated inmate, identifying and reporting various problems and difficulties with prison operations." Id. He says that although he has been able "to begin and pursue [his] federal cases," the defendants' actions "have affected [his] full and timely access to the court." Id.

The plaintiff seeks a declaratory judgment in his favor "declaring that the actions and conduct of the named defendants . . . were in violation of [his] civil and constitutional rights of access to the courts." Id. at 5. He also seeks monetary damages in an amount to be determined later. Id.

C.  Analysis

The court explained in its October 18, 2022 order that a claim that prison officials have denied the plaintiff access to the courts may be actionable under the Fourteenth Amendment. Dkt. No. 7 at 10 (citing Williams v. Lane, 851 F.2d 867, 878 (7th Cir. 1988); and Bounds v. Smith, 430 U.S. 817, 824 (1977)). The court explained that, to succeed on an access-to-courts claim, "the plaintiff must describe "'the underlying cause of action and its lost remedy,'" and "also must show that 'the defendants' conduct prejudice[d] a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement.'" Id. at 10–11 (quoting Christopher v. Harbury, 536 U.S. 403, 415–16 (2002); and Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006)). The plaintiff also must show, at a minimum, "'some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation.'" Gentry v. Duckworth, 65 F.3d 555, 558 (7th Cir. 1995) (quoting Jenkins v. Lane, 977 F.2d 266, 268 (7th Cir. 1992)). This standard requires more than "a mere allegation of some delay;" the plaintiff instead must show that the delay led to "actual substantial prejudice to specific litigation." Id. at 559.

   1.  *Case 21-cv-677*

The amended complaint alleges that the defendants mismanaged the plaintiff's mail related to two federal lawsuits pending before this court. The plaintiff filed a complaint in the first of those cases on June 1, 2021, while he was incarcerated at Waupun. Case No. 21-cv-677, Dkt. No. 1. On June 14,

5

Case 2:22-cv-00191-PP   Filed 12/27/22   Page 5 of 13   Document 10

2021, the court received a letter from the plaintiff in which he alleged he was "having some more troubles with the mailroom here at [Waupun]." Id., Dkt. No. 6. The plaintiff described certified mail he attempted to send that was not processed "because [his] disburs[e]men[t] was returned to [him] without a tracking n[umber] attached to it." Id. The court received a second letter on February 7, 2022, in which the plaintiff alleged that he had "been denied legal mail dealing with this new mail system." Id., Dkt. No. 21. He also asked the court to issue a preliminary injunction because, among other things, his mail was being interfered with. Id., Dkt. No. 10 at 2.

On February 28, 2022, the court dismissed the complaint in that case because it failed to state a claim. Id., Dkt. No. 22. The court ordered the plaintiff to file an amended complaint by the end of the day on April 1, 2022, or it would dismiss the case. Id. at 27. On April 18, 2022, when the court had not received an amended complaint from the plaintiff, the court enforced the February 28, 2022 order and dismissed the case. Id., Dkt. No. 23. The court noted that the plaintiff remained incarcerated at Waupun at that time. Id. at 2. A week later, the plaintiff moved for reconsideration and for an extension of time to amend his complaint. Id., Dkt. Nos. 25, 26. The plaintiff asserted that he had not received the court's previous order and was having "mailing issues" at Waupun. Id., Dkt. No. 25. On August 23, 2022, the court ordered the plaintiff to file an amended complaint within thirty days. Id., Dkt. No. 33. The court noted the plaintiff's repeated concerns about the prison's mailing system and that he had filed this lawsuit about those issues. Id. at 3. That order was

returned to the court as undeliverable, but the court learned that the plaintiff had been transferred to Milwaukee Secure Detention Facility and re-sent the order to him there. Id., Dkt. No. 34.

On September 14, 2022, the court received the plaintiff's amended complaint. Id., Dkt. No. 35. The court ordered the clerk of court to reopen the case and screened the amended complaint. Id., Dkt. No. 36. On December 1, 2022, the court issued a scheduling order. Id., Dkt. No. 43. The case remains pending.

2. *Case 22-cv-431*

The second of the plaintiff's mentioned lawsuits began when the plaintiff filed a complaint in the Western District of Wisconsin on August 23, 2021. Case No. 22-cv-431, Dkt. No. 1. That court screened the complaint and transferred it to this court on April 7, 2022. Id., Dkt. No. 27. On April 25, 2022, this court issued a scheduling order. Id., Dkt. No. 31.

Three months later, on July 22, 2022, the defendants moved to compel discovery or for the court to dismiss the case for the plaintiff's failure to prosecute it. Id., Dkt. No. 32. The plaintiff responded by requesting a continuance of the case. Id., Dkt. No. 34. The court denied the plaintiff's request for a continuance, granted the defendants' motion to compel and ordered the plaintiff to provide the defendants with the discovery they had requested. Id., Dkt. No. 36. The court explained that it had learned in another of the plaintiff's cases (Case No. 18-cv-570) that the plaintiff had been released from Waupun on May 3, 2022, but noted that he had failed to advise the court

of his release or provide the court with a new address. Id. at 3. The court ordered the plaintiff to respond to the defendants' discovery demands by October 28, 2022, or it would dismiss the case. Id. at 5. On November 9, 2022, after the defendants informed the court that they had not received discovery responses from the plaintiff, the court dismissed the case without prejudice. Id., Dkt. No. 39.

A few days later, the plaintiff moved to reopen the case. Id., Dkt. No. 41. The plaintiff provided a typed letter in which he assured the court that he would follow the court's instructions, provide a current address and respond to the defendants' discovery requests. Id. On December 5, 2022, the court granted the plaintiff's motion and reopened the case. Id., Dkt. No. 43. The court explained that although the plaintiff had repeatedly failed to comply with court orders previously, his letter "state[d] good cause for the court to reconsider its previous order and reopen the case." Id. at 4. The court ordered the plaintiff to respond to the defendants' discovery demands within two weeks and set new deadlines for the parties to file dispositive motions. Id. at 4–5.

   3. *This Case*

To proceed beyond screening, the amended complaint must allege enough to state a *plausible*—not just possible—claim for relief. See Iqbal, 556 U.S. at 679. The court must accept the allegations in the amended complaint as true for purposes of this order. The court also must construe the amended complaint's allegations in the plaintiff's favor at this stage of the proceedings. Even under those standards, the amended complaint fails to state a plausible

claim that the defendants violated the plaintiff's right to access the courts by mishandling his mail while he was at Waupun in 2021 and 2022.

The amended complaint alleges that during the time the plaintiff prepared and filed the claims being litigated in his Case Nos. 21-cv-677 and 22-cv-431, defendants Tritt, Ewert and Demers managed operation of the mailroom at Waupun and disrupted his ability to litigate those claims and cases. But the amended complaint does not describe what any of the three defendants specifically did or failed to do that prejudiced the plaintiff's other federal lawsuits. It alleges only generally that all three defendants "engaged in conduct and actions that affected detrimentally and otherwise impaired [the plaintiff's] capacity to communicate with the United States District Court for the Eastern District of Wisconsin." Dkt. No. 9 at 3–4. What "conduct and actions" did each defendant engage in? How did that action or omission impair the plaintiff's ability to litigate his claims? The amended complaint does not answer those questions. It *does* say that the defendants "fail[ed] to handle, manage, deliver, and otherwise attend to the timely and proper movement of" the plaintiff's mail, which led to the delay of the plaintiff's federal cases. Id. at 4. That allegation is wordier but no more specific about what any individual defendant did or failed to do that affected his ability to litigate his cases. This vague, general phrasing "does not adequately connect specific defendants to illegal acts" sufficient to state a claim. Brooks v. Ross, 578 F.3d 574, 580 (7th Cir. 2009).

9
Case 2:22-cv-00191-PP    Filed 12/27/22    Page 9 of 13    Document 10

Even if the amended complaint provided sufficient details about what each individual defendant did nor did not do, the plaintiff cannot show that he was prejudiced by the defendants' alleged actions. Although the court previously dismissed both lawsuits that the plaintiff says were delayed by the defendants' actions, it since has reopened them and allowed the plaintiff to proceed. The delay and dismissal in Case No. 22-cv-431 cannot be attributed to the defendants; the court dismissed that case in November 2022, several months *after* the plaintiff was released from Waupun. It was the plaintiff's failure to tell the court he that he had been released, provide his current address and participate in discovery that led to that dismissal.

The only "harm" the plaintiff can show is the five-month delay in Case No. 21-cv-677 between the date the court dismissed the case on April 18, 2022 for failure to file an amended complaint and the date it reopened it on September 30, 2022 and allowed the plaintiff to proceed on the amended complaint. There is some evidence that the plaintiff's difficulties litigating that case could have been the result of repeated issues with his legal mail he experienced while he was incarcerated at Waupun. He insisted that problems at Waupun, largely in the mailroom, had prevented him from timely receiving his legal mail and responding to the court's orders. But the Seventh Circuit has held that "a delay becomes an injury only if it results in 'actual substantial prejudice to specific litigation.'" Johnson v. Barczak, 338 F.3d 771, 773 (7th Cir. 2003) (quoting Gentry, 65 F.3d at 559). Case No. 21-cv-677 is proceeding without noticeable any effect from the five-month delay. The plaintiff cannot

show that he suffered actual, substantial prejudice to that litigation caused by any alleged action of the defendants. The court will not allow him to proceed on a claim that he was denied meaningful access to the courts.

The plaintiff also suggests the defendants mishandled his mail in retaliation for his filing of earlier lawsuits. The court did not allow the plaintiff to amend his complaint regarding this claim of retaliation; it expressly allowed him to amend his complaint only on his access-to-courts claim. Dkt. No. 7 at 13. Even if the court had allowed the plaintiff to amend his retaliation claim, he still fails to state a claim. As the court explained in the previous order, "The plaintiff's speculation that prison officials retaliated against him is not enough to satisfy th[e] third element" of a retaliation claim. Id. at 10. The amended complaint says only that the plaintiff believes the defendants "may have been" retaliating against him for complaining about other problems at the prison. Dkt. No. 9 at 4. The plaintiff does not say whether the defendants were aware of his past complaints and lawsuits, and he merely speculates that their actions were done as retaliation for those past complaints. As with the original complaint, these allegations are insufficient to state a claim of retaliation.

Even if the court were allowing the plaintiff to proceed in this lawsuit, he would not be entitled to a declaratory judgment that the defendants' actions violated his rights. Under §1983, "declaratory or injunctive relief is only proper if there is a continuing violation of federal law." Kress v. CCA of Tenn., LLC, 694 F.3d 890, 894 (7th Cir. 2012). The plaintiff no longer is incarcerated at Waupun, and he does not suggest he is likely to return there. That means there

is no ongoing constitutional violation, and "a declaratory judgment would not affect [the defendants'] behavior towards [the plaintiff]." Pearson v. Welborn, 471 F.3d 732, 743 (7th Cir. 2006) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 103–04 (1983), and Davis v. District of Columbia, 158 F.3d 1342, 1348 (D.C. Cir. 1998)).

## II. Conclusion

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Fed. R. Civ. P. 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2).

Any motion under Fed. R. Civ. P. 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 27th day of December, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
